## WILEY RICHARDS *v.* CHESLEY WILLIAMS.

1. EVIDENCE. *Sheriff's Deed. Recitals in. What necessary.* A sheriff may recite in his deed that "notice was given as required by law," though he be a successor to the officer who made the sale, if the fact that notice was given appears in his predecessor's *return.*

2. EVIDENCE. *Summary Proceedings. Judgment by motion. Omissions may be supplied. How.* When a motion is not an original or independent proceeding, but one to effectuate a decree in a cause still pending; in such case where the entire record is before the Court, as part of the case, it may be looked to in supplying immaterial irregularities or omissions, which appear on the face of the judgment.

   Case cited: Rucker *v.* Moore, 1 Heisk, 726.

3. EVIDENCE. *Deraigning title. May look to Records of Court. When.* Where a plaintiff in an action of ejectment, in deraigning his title fails to produce the executions under which the land was sold, when he became purchaser, he may rely on the dockets of the Court in which the necessary facts appear, if the execution be lost. This is next best evidence.

4. EVIDENCE. *Presumption of grant. What will constitute.* A mere written agreement between parties for a division of land containing the boundaries, etc., but not purporting to vest a fee simple title, will be sufficient to warrant the presumption of a grant with proof of twenty years adverse possession, though no title would be perfected under such paper by seven years adverse possession.

---

### FROM BEDFORD.

---

Appeal from the Circuit Court.　W. H. WILLIAMSON, Judge.

WISENER & SONS for Richard.

H. L. & B. B. DAVIDSON for Williams.

NICHOLSON, C. J., delivered the opinion of the Court.

This is an action of ejectment, by Williams against Richards in the Circuit Court of Bedford Court. There was verdict and judgment for Williams, and appeal by Richards. We will pass over several alleged errors as to the sufficiency of the declaration, and of the judgment on the finding of the jury, and as to the admission of a copy of a North Carolina grant, being satisfied that the action of the Circuit Judge was correct on these several points.

In deraigning his title, the plaintiff relied on a sheriff's deed, to which exceptions are taken, first, because the deed was executed by a successor of the sheriff who made the sale, and the recital of this fact is all that appears in the deed. The recital is *prima facie* evidence of the fact, and therefore sufficient when nothing else appears. Second, the recital of a successor, that notice was given as required by law, it is insisted is not sufficient of itself of a fact, which could only be known by the sheriff who sold the land. This is true, but in this case the return of the sheriff who sold, shows that notice was given according to law. This was sufficient evidence on which to make the recital. But the main ground of reliance for a reversal is, upon the assumption that the judgment recited in the sheriff's deed, as the basis of the title, was void.

It appears that a bill was filed by Chesley Williams and W. P. Curran, as executors of Robert Curran

against Minor T. Curran and others, for the sale of the real estate of the testator, for the payment of his debts. The Clerk and Master sold the land, and at the sale W. O. Rickman purchased the tract of land in controversy, and executed his notes therefor. Upon his failure to pay the notes at maturity, judgments by motion were taken against him, and on these judgments executions issued, under which the land was sold, and the plaintiff in this suit was the purchaser. It is insisted that these judgments are void, because the facts recited are not sufficient to give the Court jurisdiction. This objection to the judgment rests upon the well established rules, applicable to judgments rendered in summary proceedings. But we do not understand the rules in such cases to be strictly applicable to a case like the present. The motions for judgment in the present case are made in the progress of the cause, in which the decree for sale of the land was rendered, and for the purpose of carrying out the decree and enforcing the same against a purchaser, who became a *quasi* party to the suit by reason of his purchase. The motions were not original or independent proceedings, to recover judgments by motion and without notice, but proceedings to effectuate a decree in a cause still pending. In such case where the entire record of the case is before us, as part of the case, we can look to that to supply any immaterial omisions or irregularities which may appear on the face of the judgments. Upon referring to the judgments, it is found, that they are rendered in the case

of Williams and Curran against Minor T. Curran and others, and that W. O. Rickman purchased at a sale "of real estate in this case" a portion of the same, and gave his notes to Lewis Tilman, Clerk and Commissioner, etc. It does not appear in the judgment, whose real estate was sold, but it recites that it was real estate sold in this case under a decree of this Court, nor does it appear that Lewis Tillman was appointed Clerk and Commissioner to sell, but it recites that he sold as clerk and commissioner, and by reference to the record of this case, it appears that the real estate sold was that of Robert Corran, and that Lewis Tilman was the Clerk and Commissioner to sell. It is, therefore, apparent that the omissions in the judgments are immaterial, and in no wise affect the validity of the judgments. The case of *Rucker* v. *Moore,* 1 Heisk., relied on by defendant's counsel, was decided correctly, because it did not appear that it was a decree in a cause pending, but the judgment was in the name of the clerk, against the purchaser, without any reference to any other cause. The next error relied on is, that the plaintiff in deraigning his title has failed to produce the executions under which the land was sold. It appears that the executions are lost, and in their absence the plaintiff produced the Execution Docket of the Circuit Court, in which the dates of the judgments, their amounts, the dates of the issuance of the executions and the returns thereon by the sheriff, are all set out in pursuance of the Statute. This was the next best evidence, in

the absence of the executions themselves.   The title of the purchaser depended upon a valid judgment, a valid levy, and proper authority under which to sell.   All this was furnished by the judgments and the execution docket.

The last error assigned is, in the charge of the Court. The charge seems to have been satisfactory, except on the question of the presumption of a grant upon twenty years possession.   The Court told the jury, that if plaintiff did not show a grant, he must show that he, or those under whom he claimed had held the land in controversy, by some paper purporting to carry a title in fee for twenty years, in which case the presumption of a grant would arise, and that the deed of partition between Curran and Moore would be such an assurance of title as to raise this presumption.   It is true, as urged, that the paper called by the Judge a deed of partition was only a written agreement of the parties for a division of the land, but it does not purport to vest a fee simple title, nor could it, as it appears that at its date in 1837, the legal title was not in Curran & Moore.   But the paper was competent evidence to show the extent of Curran's boundaries, and to what extent he claimed possession.

Under a paper like this, fixing the boundaries, with proof of twenty years adverse possession, a grant would be presumed, although no title would be perfected under such paper by seven years adverse possession. But it appears that in 1840, and in 1845, the legal title was vested in Curran to the entire tract in

controversy, and under the deeds an adverse possession of seven years would perfect his title. The error in the charge can not be complained of by defendant, and as the verdict was proper under the evidence and under the law, it will not be disturbed. Judgment affirmed.